## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cr-60099-BB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GARY LINDER,

      Defendant.

_____/

### ORDER

**THIS CAUSE** is before the Court upon Defendant Gary Linder's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. [62] ("Motion"). The Government filed a response in opposition to the Motion, ECF No. [64] ("Response"), to which Defendant filed a reply, ECF No. [69] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.      BACKGROUND

On November 2, 2018, Defendant was sentenced to 180 months' imprisonment followed by fifteen years' supervised release as to each count to be served concurrently following his conviction for coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(B) and attempted production of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2251(a). ECF Nos. [49] and [51]. Defendant is currently housed at FCI Coleman Low.

On August 4, 2020, Defendant filed the instant Motion in which he seeks compassionate release in light of the current coronavirus ("COVID-19") pandemic. In particular, he represents that in July 2020, there was a COVID-19 outbreak at his correctional facility, and that while he had not been infected, FCI Coleman Low was "on the cusp of becoming a de facto [d]eath [r]ow" such that it was "unsafe" for him to remain there given his medical conditions, which includeS high blood pressure and Type 2 diabetes. ECF No. [62] at 3-4.[1] He maintains that "extraordinary and compelling reasons" warrant his release and that the § 3553(a) factors weigh in his favor. *Id.* The Government opposes Defendant's request. ECF No. [64].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 10,846,373 confirmed cases and over 244,810 reported deaths as of November 15, 2020.[2] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most

---

[1] The Motion does not include medical records. However, the Government and Defendant have filed under seal Defendant's medical records from August 2018 through August 2020. *See* ECF Nos. [66] and [70]. These records reflect that Defendant has diabetes (and receives care for it), but they do not support his claim that he has high blood pressure and high cholesterol.

[2] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated November 15, 2020).

Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II.    DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly
> limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir.
> 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify
> a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a

motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

(c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction . . . .

    . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

4

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

The Motion and Reply request that Defendant be released due to his underlying medical conditions against the backdrop of the COVID-19 pandemic. ECF Nos. [62] and [69]. The Government opposes, arguing that (i) the BOP has modified its operating procedures to effectively respond to the COVID-19 pandemic and the prior outbreak at FCI Coleman Low; (ii) Defendant's "general fear of contracting COVID-19" is not an extraordinary and compelling reason to warrant relief, and Defendant's medical conditions are medically manageable; (iii) the § 3553(a) factors do not weigh in his favor; (iv) Defendant is a danger to the community; and (v) the Court has no authority to direct the BOP to place Defendant in home confinement, which he is not entitled to in any event as a convicted sex offender. ECF No. [64]. Upon review and consideration, the Court concludes that Defendant does not present circumstances warranting a sentence reduction and early release.

Defendant has satisfied the first inquiry in the section 3582 analysis, administrative exhaustion. However, as explained below, he fails to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 180 months was

appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served approximately thirteen percent of his sentence. Moreover, aside from Defendant's medical history, which reflects that Defendant has Type 2 diabetes, Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). Further, the Court notes that despite its recommendation to the BOP to designate Defendant to a facility "with an in-depth sexual offender program," ECF No. [51] at 2, Defendant has declined to participate in the recommended Sex Offender Program offered to him. *See* ECF No. [66] at 85. Accordingly, the Court does not agree that the § 3553(a) factors militate in Defendant's favor.

Additionally, regarding the "extraordinary and compelling reasons" test, Defendant contends that his age and health circumstances place him at an increased risk of contracting COVID-19. ECF Nos. [62] at 3-4; [69] at 3-10. CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: cancer, chronic kidney disease, COPD, serious heart conditions such as heart failure, coronary artery disease or cardiomyopathies, obesity, Type 2 diabetes, sickle cell disease, smoking,

pregnancy, and people in an immunocompromised state.[3] Further, CDC guidance indicates that individuals with the following health conditions might be at an increased risk of contracting severe illness due to COVID-19: moderate to severe asthma, cerebrovascular disease, cystic fibrosis, high blood pressure, neurologic conditions, liver disease, overweight, pulmonary fibrosis, thalassemia, Type 1 diabetes, and individuals with an immunocompromised state.

Although Defendant's medical history reflects a recent diagnosis of Type 2 diabetes, he fails to allege that any of his present ailments are terminal or that they substantially diminish his ability to provide self-care within the correctional facility environment. Indeed, Defendant acknowledges that while he initially "demonstrated difficulty complying with his treatment for diabetes while in prison in June and July of 2019," he is "now compliant with his treatment" and his medical records note that he is "[d]oing well." ECF No. [69] at 5-6. Further, against this backdrop, Defendant is thirty years old, and he fails to show that the procedures in place or resources available at FCI Coleman Law are insufficient to protect him from the virus. In this respect, he has not contracted COVID-19, and presently, there are only eighteen confirmed active cases among prisoners.[4]

The Court is sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities. However, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about

---

[3] *People of Any Age with Underlying Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated November 2, 2020).

[4] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 3, 2020).

possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Thus, Defendant has not met his burden to establish that extraordinary and compelling reasons exist to support his request for compassionate release or sentence modification.[5]

### III.      CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [62]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

---

[5] Because the Motion fails to establish any extraordinary and compelling circumstances warranting his release to home confinement, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).